# EXHIBIT 3



Patrick D. Blake
(757) 628-5564
pblake@wilsav.com

00375.115

May 5, 2017

**Via Facsimile and U.S. Mail**

ChemTreat, Inc.
5640 Cox Road
Glen Allen, VA  23060

     Re:   Date of Accident:   December 24, 2015
              Property:           Valley Proteins, Inc.
                                22528 Lankford Hwy.
                                Accomac, VA  23301

Dear Sir/Madam:

As you know from our prior correspondence dated March 15, 2016, a copy of which is attached, we represent Mid-South Steam Boiler and Engineering Company ("Mid-South") in connection with the above-referenced accident. As a supplement to our prior notice of potential claims Mid-South may have against you, enclosed please find a lawsuit filed against Mid-South by Valley Proteins with respect to the subject accident. Mid-South may have claims against you with respect to the matters raised in the lawsuit, including for indemnity and/or contribution. Please forward this letter to your insurance carrier(s), and continue to preserve all evidence and potentially relevant or discoverable documents, items, or information, as set forth in our previous correspondence. Also, if you are represented by counsel in this matter, please ask them to contact us, so that we will know to communicate directly with them.

Additionally, I am also enclosing a recent letter from one of the attorneys representing Valley Proteins, in case you are unaware of same. As you can see, it appears that they want to cut pieces of the pressure vessel head and tank into smaller pieces for transport to a different facility for storage and to reduce storage costs. Also enclosed is Mid-South's response to said letter.

                    Sincerely,

                    Patrick D. Blake

PDB:pdf
Enclosure

Reply to Norfolk Office

440 MONTICELLO AVENUE   SUITE 2200   NORFOLK, VA 23510   757.628.5500   FACSIMILE 757.628.5566
222 CENTRAL PARK AVENUE   SUITE 1500   VIRGINIA BEACH, VIRGINIA 23462   757.628.5600   FACSIMILE 757.628.5659

WWW.WILLCOXANDSAVAGE.COM

I-1480809.1



Brian W. Lown
(757) 628-5667
bwlown@wilsav.com

00375.115

March 15, 2016

**Via Facsimile and U.S. Mail**

ChemTreat, Inc.
5640 Cox Road
Glen Allen, VA  23060

  Re: Notice of Claim
    Date of Accident: December 24, 2015
    Property:    Valley Proteins, Inc.:
           22528 Lankford Hwy.
           Accomac, VA  23301

Dear Sir/Madam:

  We represent Mid-South Steam Boiler & Engineering Company, Inc. in connection with the above-referenced incident. On December 24, 2015, an explosion occurred at a Valley Proteins facility in Accomac, Virginia, causing extensive damage. We also understand that an individual may have been injured in the explosion. We have been placed on notice of potential subrogation claims by various insurance carriers for Valley Proteins, alleging that a pressure vessel manufactured by Mid-South was involved in the explosion. It is our understanding that you may have inspected, tested, and/or serviced the boiler system associated with the pressure vessel. Accordingly, we are writing to place you on notice of potential claims Mid-South may have against you, including, but not limited to, claims for indemnity and/or contribution.

  Please be advised that investigation is ongoing. Valley Proteins owns and controls the accident site. We understand that Valley Proteins is storing/will store certain items for future inspection as it removes debris from the site. Valley Proteins has set dates for interested parties to inspect the site and debris. The next two dates are March 17 and March 24, with inspections scheduled to begin at 7:00 a.m. at the Accomac facility. Should you wish to perform or attend the inspection, the contact at Valley Proteins is Rodney White, Director of Treasury Operations. His email address is rwhite@valleyproteins.com and his telephone number is 540-877-2092 x10371. Additionally, the attorneys for the subrogation carriers are Samuel Pace of Dugan Brinkmann Maginnis and Pace, telephone: 215-563-3500, email: sjpace@dbmplaw.com; and Daniel Theveny of Cozen O'Connor, telephone: 215-665-4194, email: DTheveny@cozen.com.

Reply to Norfolk Office

440 MONTICELLO AVENUE   SUITE 2200   NORFOLK, VA 23510   757.628.5500   FACSIMILE 757.628.5566
222 CENTRAL PARK AVENUE   SUITE 1500   VIRGINIA BEACH, VIRGINIA 23462   757.628.5600   FACSIMILE 757.628.5659

WWW.WILLCOXANDSAVAGE.COM

I-1397474.1

Willcox & Savage

March 15, 2016
Page 2

Please forward this letter to your insurance carriers and place them on notice of these potential claims. Additionally, we request that you preserve all evidence and potentially relevant or discoverable documents, items, or information, whether in paper or electronic form, related to the above-referenced incident, the pressure vessel, deaerator, boilers, or the system(s) associated therewith, and any materials, products, and/or services you supplied or provided, including, but not limited to, all contracts, receipts, purchase orders, instructions, warnings, inspection reports, maintenance records, boiler service reports, cooling service reports, testing and quality control protocols, test data and results, incident reports, policies, procedures, training materials, videos, pictures, e-mails, or other tangible items.

If you have any questions, please feel free to contact me.

Sincerely,

Brian W. Lown

BWL:pdf

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

**VALLEY PROTEINS, INC.,**

        **Plaintiff,**

**v.**                                **Civil Case No. 2:17-cv-19-HCM-DEM**

**MID-SOUTH STEAM BOILER AND
ENGINEERING CO., INC.,**

                                     **JURY TRIAL DEMANDED**

        **Defendant.**

### FIRST AMENDED COMPLAINT

Valley Proteins, Inc. ("Valley Proteins"), by counsel, for its First Amended Complaint against Defendant Mid-South Steam Boiler and Engineering Co., Inc. ("Mid-South"), states as follows:

### PARTIES

1.      Valley Proteins is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with principal places of business located at 151 Valpro Drive, Winchester, Virginia 22603.

2.      At all times material hereto, Valley Proteins was in the business of recycling restaurant greases and animal by-products, including the collection, processing and rendering of animal by-products at its rendering plant located at 22520 Lankford Highway, Accomac, Virginia 23301 (hereinafter referred to as "the rendering plant").

3.      Mid-South is a corporation organized and existing under the laws of the State of Arkansas, with a principal place of business located at 3805 Pointer Trail East, Van Buren Arkansas 72956.

4.      At all times material hereto, Mid-South was engaged in the business of providing services and materials for boiler and condensate return systems for use at commercial, industrial, school and institutional businesses and facilities.

5.      At all times material hereto, the services and materials provided by Mid-South included the development, engineering, manufacture, fabrication, assembly, testing, inspection, supply, distribution, sale, installation, and placement into the stream of commerce pressure vessel tanks for use at commercial rendering plant facilities.

6.      At all times material hereto, the services provided by Mid-South included the inspection, testing, repair and maintenance of pressure vessel tanks for use at commercial rendering plant facilities.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), since the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000) and there is diversity of citizenship between the Plaintiff and Defendant.

8.      Venue is proper in this judicial district as the facts giving rise to Plaintiff's cause of action occurred in this judicial district.

## GENERAL ALLEGATIONS

9.      On July 10, 2006, Valley Proteins entered into two purchase order agreements with Mid-South for the sale of a pressure vessel tank and the corresponding heads for the pressure vessel tank (hereinafter referred to as "pressure vessel tank") for use at its operations at the rendering plant, which were thereafter installed by Mid-South at the rendering plant.

10.     The aforementioned purchase orders and accompanying documentation provided that the materials, construction and workmanship for the pressure vessel tank would conform to

2

industry standards and specifications and that it would be fit and capable for the use intended by Valley Protein.

11.     Mid-South designed, engineered, developed, manufactured, and fabricated all components of the pressure vessel tank using carbon steel, which was then assembled, tested, supplied, distributed, sold, placed into the stream of commerce and installed by Mid-South at the Valley Proteins rendering plant.

12.     After installation of the pressure vessel tank at the Valley Proteins rendering plant, Mid-South visited the rendering plant on many occasions thereafter in order to inspect, test, repair, and maintain the pressure vessel tank.

13.     On December 24, 2015, Valley Proteins was in the process of conducting its daily operations at the rendering plant in the ordinary course of its business, when the pressure vessel tank failed and, as a result, an explosion occurred when the end cap blew off of the pressure vessel tank.

14.     The failure of the pressure vessel tank caused substantial damage to the real and business personal property of Valley Proteins as well as damages as a result of extra expenses incurred and loss of production.

15.     The failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins were caused by the defective, deficient, improper and inadequate engineering, manufacturing, fabrication, assembly, testing, inspection, and installation of the pressure vessel tank by Mid-South.

16.     The pressure vessel tank failed due to stress corrosion cracking present in the walls of pressure vessel tank which weakened the steel plates and reduced the structural integrity of the pressure vessel tank.

3

17.     The pressure vessel tank failed because Mid-South did not thermally process the carbon steel adequately, if at all, during post mechanical working or rolling, resulting in high hardness and tensile strength of the steel plates, a condition that left the carbon steel plates more susceptible to stress corrosion and cracking.

18.     The aforesaid actions and inactions by Mid-South caused the failure of the pressure vessel tank and the resulting damages sustained by Valley Proteins.

19.     The aforesaid actions and inactions by Mid-South included, but were not limited to, defective, deficient, improper and inadequate treatment of the pressure vessel tank during fabrication and manufacturing in order to relieve stresses prior to the sale, supply, distribution, and installation of the pressure vessel tank.

20.     Mid-South visited the rendering plant on many occasions after installation purportedly to inspect, repair, and maintain the pressure vessel tank in order to ensure its safety and functionality, but failed to notice, report, or warn of the aforementioned stress corrosion cracking and the potential dangers associated with such defect.

21.     The aforesaid actions and inactions by Mid-South which caused the failure of the pressure vessel tank and resulting damages sustained by Valley Proteins included, but were not limited to, defective, deficient, improper and inadequate inspection, testing, repair, or maintenance of the pressure vessel tank after installation at the Valley Proteins facility, including the failure to identify or address the improper and inadequate treatment of the pressure vessel tank in order to relieve the aforementioned stresses to prevent catastrophic explosions.

22.     The aforesaid actions and inactions by Mid-South prior, during, and subsequent to the installation of the pressure vessel tank at Valley Proteins caused the pressure vessel tank to become susceptible to stress cracking, corrosion, and catastrophic failure during normal and

4

ordinary use and operation of the pressure vessel tank and, as a result, the end cap on the pressure vessel tank blew off thereby causing the catastrophic explosion at the rendering plant on December 24, 2015.

23.     As a result of the failure of the pressure vessel tank and subsequent explosion, Valley Proteins sustained substantial damage to real and business personal property, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT ONE
## NEGLIGENCE

24.     Valley Proteins incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

25.     Mid-South owed a duty to Valley Proteins to develop, design, engineer, manufacture, fabricate, assemble, test, inspect, supply, sell, distribute, install, repair and maintain the pressure vessel tank in a responsible and safe manner so as not to cause injury or damage to consumers and users, including Valley Proteins.

26.     By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling, distributing, and installing the pressure vessel tank in a defective and deficient manner, and in subsequently testing, inspecting, repairing and maintaining the pressure vessel tank in an defective, deficient, improper, and inadequate manner,

5

Mid-South placed into the stream of commerce a product and allowed the continued use of a product which was unreasonably dangerous to consumers and users, including Valley Proteins.

27.    By developing, designing, engineering, fabricating, manufacturing, assembling, testing, inspecting, supplying, selling, distributing and installing the pressure vessel tank in a defective and deficient manner, and in subsequently testing, inspecting, repairing, and maintaining the pressure vessel tank in an defective, deficient, improper and inadequate manner, Mid-South breached the duty it owed to Valley Proteins

28.    The pressure vessel tank was defective and deficient in development, design, engineering, manufacture, fabrication, assembly, testing, inspection, and installation because it failed under normal and foreseeable use and operating conditions, and spontaneously and unexpectedly exploded, thereby causing substantial damages.

29.    The pressure vessel tank was defective and deficient and unreasonably dangerous in development, design, engineering, manufacture, fabrication assembly, testing, inspection and installation in that it was susceptible to corrosion and cracking, resulting in the failure of the end cap on the pressure vessel tank blowing off under normal operating conditions and causing the explosion and resulting damages claimed herein.

30.    The explosion and resulting damages to Valley Proteins were proximately caused by the negligence, carelessness and wrongful actions and inactions of Mid-South which included, but were not limited to, the following:

    A.    Inadequately and improperly engineering, designing, manufacturing, fabricating, assembling, testing, inspecting and installing the pressure vessel tank;

6

B.      Supplying the pressure vessel tank in a condition which Mid-South knew or should have known subjected the property of Valley Proteins to an unreasonable risk of harm;

C.      Failing to adequately, properly, and safely assemble, test, inspect and/or install the pressure vessel tank;

D.      Failing to adequately, properly and safely inspect, repair and/or maintain the pressure vessel tank at the Valley Proteins facility after installation;

E.      Failing and omitting to do and perform those things necessary in order to avoid an unreasonable risk of harm to Valley Proteins;

F.      Failing to warn Valley Proteins and others of the substantial risk and danger presented by the pressure vessel tank;

G.      Inadequately and improperly engineering, designing, manufacturing, fabricating, assembling, testing, inspecting and installing the pressure vessel tank;

H.      Supplying the pressure vessel tank in a condition which Mid-South knew or should have known subjected the property of Valley Proteins to an unreasonable risk of harm; and

I.      Otherwise failing to use due care under the circumstances.

31.      As a direct and proximate result of the aforesaid negligence, carelessness, and wrongful actions and inactions of Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

7

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT TWO
### NEGLIGENT MANUFACTURING

32.     Valley Proteins incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

33.     Mid-South owed a duty to Valley Proteins to manufacture the pressure vessel tank in a responsible and safe manner which included, but was not limited to, a requirement to properly thermal process the carbon steel components so as to not leave the pressure vessel tank susceptible to stress corrosion, cracking, and subsequent explosions during the ordinary and foreseeable use of the pressure vessel tank.

34.     Mid-South breached the duty owed to Valley Protein by its manufacture of the pressure vessel tank in a defective and dangerous condition and when it did not adequately conduct, if conducted at all, thermal processing in compliance with the applicable safety standards, relevant industry standards, and in accordance with Valley Proteins expectations.

35.     As a direct and proximate result of aforesaid negligent manufacturing by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

8

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT THREE
## NEGLIGENT DESIGN

36.     Valley Proteins incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

37.     Mid-South designed and developed the pressure vessel tank in a defective and deficient manner, thereby rendering it unreasonably dangerous by failing to thermally process the steel used to create the pressure vessel tank in a manner that would have prevented the stress corrosion cracking that lead to the catastrophic explosion at Valley Proteins rendering plant during the ordinary and foreseeable use of the pressure vessel tank.

38.     The design and development of the pressure vessel tank by Mid-South did not meet industry and safety standards, as products of this nature require that the carbon steel components go through thermal processing to lower the tensile strength of the steel and in order prevent stress cracking, corrosion, and catastrophic explosions.

39.     As a direct and proximate result of the aforesaid negligent design by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

9

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT FOUR
## NEGLIGENT FAILURE TO WARN

40.     Valley Proteins incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

41.     Mid-South knew or should have known that the pressure vessel tank was likely to be dangerous for its intended use because it was not thermally processed in accordance with applicable industry and safety standards thereby leaving it susceptible to stress cracking and corrosion and catastrophic failure which is what subsequently occurred at the Valley Proteins rendering plant on December 24, 2015.

42.     Mid-South knew or should have known that Valley Proteins was unaware of the dangerous condition and propensities of the pressure vessel tank as Mid-South is in the business of manufacturing pressure vessel tanks and knew or should have known that the pressure vessel tank was susceptible to catastrophic failure whereas Valley Proteins had no reason to be aware of the occurrence of such potential disasters.

43.     Mid-South failed to exercise reasonable care by informing Valley Proteins of the dangerous condition of the pressure vessel tank.

44.     Mid-South continued to breach its duty to warn Valley Proteins of the dangerous and defective condition of the pressure vessel tank after installation at the rendering plant each time it purported to conduct a subsequent test, inspection, repair or maintenance of the pressure vessel tank.

10

45.     Mid-South knew or should have known the pressure vessel tank was in a dangerous and defective condition each time it purported to conduct one of its subsequent tests, inspections, repairs, or performance of general maintenance at Valley Proteins.

46.     Mid-South knew or should have known that Valley Proteins was unaware that the pressure vessel tank was in a dangerous and defective condition since Valley Proteins relied on the tests, inspections, repairs and maintenance of the pressure vessel tank by Mid-South.

47.     Mid-South knew or should have known of the need to warn Valley Proteins of the risk created by the dangerous and defective condition of the pressure vessel tank so as to prevent Valley Proteins from continuing to use the pressure vessel tank and prevent the occurrence of a catastrophic explosion.

48.     The magnitude of the risk that the condition of the pressure vessel tank would lead to an explosion significantly outweighed the cost for Mid-South to warn Valley Proteins of the dangerous condition of the tank and the cost to correct same.

49.     As a direct and proximate result of the negligent failure to warn by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

11

## COUNT FIVE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

50.     Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

51.     Mid-South is a merchant with respect to pressure vessel tanks and other similar products, and acted as a merchant when it sold Valley Proteins the pressure vessel tank installed at the rendering plant that subsequently caused the catastrophic explosion and resulting damages.

52.     Valley Proteins purchased the pressure vessel tank intending to use it for the specific purpose of processing and rendering animal by-products at the rendering plant, and Valley Proteins relied on the reputation, judgement, and skill of Mid-South that the pressure vessel tank would be fit for the ordinary and intended use of the pressure vessel tank at the rendering plant.

53.     Mid-South never expressly disclaimed the fact that it was a merchant, or that the pressure vessel tank was sold in any condition other than one that was of merchantable quality fit for the ordinary and foreseeable use of consumers and, as such, Mid-South sold the pressure vessel tank to Valley Proteins with an implied warranty of merchantability.

54.     Mid-South sold Valley Proteins the pressure vessel tank in an unreasonably dangerous condition that did not conform with the standard of merchantable quality, as it was defective and deficient in manufacture, fabrication, assembly, testing, inspection, installation and design, and by failing to warn Valley Proteins that it was in such a condition that made it susceptible to corrosion and cracking during the ordinary and foreseeable use in the rendering plant.

12

55.     Mid-South continued to warrant the safety of the pressure vessel tank each time a

Mid-South inspected, tested maintained and repaired the pressure vessel tank at the rendering

plant.

56.     As a direct and proximate result of the aforesaid breach of implied warranty of

merchantability by Mid-South, the pressure vessel tank failed and caused damage and

destruction to the real and personal property of Valley Proteins, as well as damages as a result of

extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in

accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant,

Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in

accordance with the proof of its damages at trial, together with interest and the costs of this

action, and such other relief as deemed just and proper under the law.

## COUNT SIX
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

57.     Valley Proteins hereby incorporates by reference each and every allegation set

forth above as fully as if the same were recited herein at length

58.     Mid-South has specialized knowledge and skill regarding pressure vessel tanks,

and understands the individualized needs for each of its customers when designing,

manufacturing and installing a particularized pressure vessel tank.

59.     Valley Proteins relied upon the specialized skill and knowledge of Mid-South, as

well as its reputation in the industry and particular judgment, when purchasing the specific

pressure vessel tank that caused the catastrophic explosion at the rendering plant.

60.     Valley Proteins consulted with Mid-South prior to purchasing the pressure vessel

tank, informed Mid-South of its specific need for this particular pressure vessel, and relied on the

13

skill and judgment of Mid-South to manufacture and install the pressure vessel tank in accordance with such needs.

61.     Upon learning of the need of Valley Protein for a specific pressure vessel tank, Mid-South manufactured one accordingly, and assured Valley Proteins it would be fit for the specifically requested use at the rendering plant.

62.     Valley Proteins relied on the representations by Mid-South that the pressure vessel tank would be fit for the specific use that Valley Proteins required, and purchased the pressure vessel tank based on these representations.

63.     Mid-South breached this warranty by failing to manufacture, engineer, design, and install a pressure vessel tank for Valley Proteins that operated in accordance with the statements made by Mid-South to Valley Proteins prior to purchase.

64.     Mid-South continued to warrant the safety of the pressure vessel tank each time a Mid-South inspected, tested maintained and repaired the pressure vessel tank at the rendering plant

65.     When the pressure vessel tank failed on December 24, 2015, Valley Proteins was operating the pressure vessel tank in a manner consistent with the ordinary and foreseeable use and in a manner consistent with the representations by Mid-South made prior to purchase and installation.

66.     As a direct and proximate result of aforesaid breach of the implied warranty of fitness for a particular purpose, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

14

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT SEVEN
### BREACH OF EXPRESS WARRANTY

67.     Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

68.     Mid-South created an express warranty by making affirmations to Valley Proteins in the initial purchase orders that the pressure vessel tank was manufactured, designed and installed in accordance with applicable industry standards relevant to the safe manufacture and use of the pressure vessel tank.

69.     The description of the pressure vessel tank in the relevant purchase orders was a basis of the bargain between Valley Proteins and Mid-South, and Valley Proteins relied on the affirmations by Mid-South that the pressure vessel tank would be fit for use in the conduct of the daily operations at the rendering plant in a safe and responsible manner, and would operate in accordance with industry specifications and standards.

70.     Mid-South breached this express warranty by failing to manufacture, engineer, design, and install a pressure vessel tank for Valley Proteins that operated in accordance with the statements made by Mid-South to Valley Proteins prior to purchase.

71.     Mid-South continued to make new affirmations and continued to expressly warrant the safety of the pressure vessel tank each time a Mid-South inspected, tested maintained and repaired the pressure vessel tank at the rendering plant.

15

72.     The breaches of the express warranties resulted in the catastrophic failure of the pressure vessel tank.

73.     As a direct and proximate result of the aforesaid breaches of express warranty by Mid-South, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial, together with interest and the costs of this action, and such other relief as deemed just and proper under the law.

## COUNT EIGHT
## BREACH OF CONTRACT

74.     Valley Proteins hereby incorporates by reference each and every allegation set forth above as fully as if the same were recited herein at length.

75.     For good and valuable consideration Valley Proteins contracted with Mid-South to develop, design, engineer, manufacture, fabricate, assemble, test, inspect, supply, sell and install the pressure vessel tank.

76.     For good and valuable consideration Valley Proteins contracted with Mid-South to inspect, repair and maintain the pressure vessel tank after the installation of the pressure vessel tank by Mid-South.

77.     Mid-South breached its contract when it developed, designed, engineered, manufactured, fabricated, assembled, tested, inspected, sold and installed the pressure vessel tank in a defective, deficient and unreasonably dangerous condition.

16

78.     Mid-South breached its contract when it subsequently inspected, repaired and maintained the pressure vessel tank and failed to note and/or address the defective, deficient and unreasonably dangerous condition of the pressure vessel tank.

79.     The breaches of contract by Mid-South included, but are not limited to, defective, deficient, improper and inadequate treatment of the pressure vessel tank by Mid-South in order to relieve stresses during and after the initial Mid-South fabrication and manufacturing of the pressure vessel tank and prior to the subsequent sale, supply, distribution and installation of the pressure vessel tank.

80.     The breaches of contract by Mid-South included, but are not limited to, defective, deficient, improper and inadequate inspection, repair and maintenance of the pressure vessel tank which failed to note and/or address the defective, deficient and unreasonably dangerous condition of the pressure vessel tank.

81.     The aforesaid breaches of contract by Mid-South caused and allowed the pressure vessel tank to become susceptible to cracking and catastrophic failure during normal use and operation by Valley Proteins and, as a result, the end cap on the pressure vessel tank blew off thereby causing the explosion at the rendering plant on December 24, 2015

82.     As a direct and proximate result of Mid-South's aforesaid breaches of contract, the pressure vessel tank failed and caused damage and destruction to the real and personal property of Valley Proteins, as well as damages as a result of extra expenses incurred and loss of production, in an amount in excess of $15,000,000.00 in accordance with the proof of its damages at trial.

WHEREFORE, Plaintiff, Valley Proteins, Inc., demands judgment against Defendant, Mid-South Steam Boiler and Engineering Co., Inc., in an amount in excess of $15,000,000.00 in

17

accordance with the proof of its damages at trial, together with interest and the costs of this

action, and such other relief as deemed just and proper under the law.

### JURY DEMAND

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated:  March 8, 2017                    **VALLEY PROTEINS, INC.**

By:_____ */s/ David C. Hartnett*_____
Of Counsel

James L. Chapman, IV, VSB No. 21983
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
jchapman@cwm-law.com
dhartnett@cwm-law.com

Daniel C. Theveny, Esquire
(to seek admission *pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 665-4194
Fax:    (866) 240-3638
dtheveny@cozen.com

Samuel J. Pace, Jr., Esquire
(to seek admission *pro hac vice*)
DUGAN BRINKMANN MAGINNIS AND PACE
1880 John F. Kennedy Blvd., Suite 1400
Philadelphia, PA 19103
Phone: (215) 563-3500
Fax:    (866) 563-5610
sjpace@dbmplaw.com

*Counsel for Plaintiff*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ David C. Hartnett_
James L. Chapman, IV, VSB No. 21983
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
dhartnett@cwm-law.com
_Counsel for Plaintiff_

19


COZEN
O'CONNOR

May 2, 2017

**VIA E-MAIL TO ALL INTERESTED PARTIES**

**Daniel C. Theveny**
Direct Phone   215-665-4194
Direct Fax      866-240-3638
dtheveny@cozen.com

**Re:**   **Valley Proteins, Inc. v. Mid-South Steam Boiler and Engineering Co., Inc.**
**United States District Court**
**Eastern District of Virginia - Norfolk Division**
**Case No. 2:17-CV-19**
**Valley Proteins, Inc.**
**Pressure Vessel Explosion and Loss**
**Date of Loss: 12/24/16**
**Loss Location: 22520 Lankford Highway, Accomac, VA 23301**
**Our File No. 381092**

To All Interested Parties:

We wanted to address an issue in connection with the matter referenced above.

Please be advised that we are incurring $1,440.00 a month to store the remaining pieces of the pressure vessel head and pressure vessel tank which were left at the RTI Group facility after the last joint evidence examination. As you may recall, all the parties' representatives who participated in this joint evidence examination agreed upon the small pieces to be cut from the large pieces of the head and tank for purposes of metallurgical testing and examination. However, the ongoing $1,440 per month charge for what remains in storage at the RTI Group facility is quite prohibitive.

The $1,440.00 monthly charge is due in large part to the volume of space occupied by the remaining pieces of the head and tank. For this reason, we have looked into an alternative, less expensive storage option. Specifically, the ongoing storage costs will be significantly less if the remaining pieces of the head and tank are cut into smaller pieces. This will allow the smaller pieces to be placed onto pallets which we will then transport to the facilities of Forcon Engineering for continued storage. We propose to do this within the next two (2) weeks.

Please let us know if you want to participate in or observe the cutting of the remaining pieces of the head and tank and the loading of same for transport to the Forcon Engineering facilities. In any event, we will carefully document the work to be performed including the transport of the evidence to Forcon Engineering.

May 2, 2017
Page 2

---

Thank you for your attention to this matter.  We look forward to hearing from you as soon as possible.

Sincerely,

COZEN O'CONNOR

*Daniel C. Theveny*

By:     Daniel C. Theveny

DCT/js
cc:     Daniel Luccaro, Esq.
        Samuel J. Pace, Jr., Esq.
        Mark Cavanaugh, Esq.
        Walter S. Laird, P.E.



Patrick D. Blake
(757) 628-5564
pblake@wilsav.com

00375.115

May 5, 2017

**Via Email and U.S. Mail**

Daniel C. Theveny, Sr., Esquire
Cozen O'Connor
One Liberty Place, 1650 Market Street, Suite 2800
Philadelphia, PA  19103

     Re:    Valley Proteins, Inc. v. Mid-South Steam Boiler and Engineering Co., Inc.
              Civil Case No.: 2:17cv19-HCM-DEM

Dear Mr. Theveny:

     I am writing on behalf of Mid-South Steam Boiler and Engineering Co., Inc. ("Mid-South") in response to your letter dated May 2, 2017, in the above-referenced matter.  Please be advised that Mid-South objects to any additional cutting or alteration of the pressure vessel or other items at this time.  Such actions could spoliate evidence, and could prevent or interfere with further necessary inspections and/or testing.  Notably, at this point, we do not even know the full details of plaintiff's liability theories or the opinions of its experts in the pending lawsuit. Additionally, we understand that the Valley Proteins employee injured in the subject incident intends to file a lawsuit, but has not yet done so.

     If you still intend to proceed with the cutting proposed in your letter despite Mid-South's position and objections, we at least request that the date and time of the cutting be provided; that no cutting be performed unless someone is present on behalf of Mid-South; that all corrosion lines and fractures be preserved; that the areas where the head separated from the remainder of the pressure vessel be preserved; that all cuts be made at least two inches away from any critical surface; that all surfaces be protected from any splatter with a sheet metal cover; that photographs be taken before and after each cut is made; that the cutting be videotaped; and that each piece be documented relative to its original location in the vessel.

     Please feel free to contact me if you would like to discuss.

Reply to Norfolk Office

440 MONTICELLO AVENUE   SUITE 2200   NORFOLK, VA 23510   757.628.5500   FACSIMILE 757.628.5566
222 CENTRAL PARK AVENUE   SUITE 1500   VIRGINIA BEACH, VIRGINIA 23462   757.628.5600   FACSIMILE 757.628.5659

WWW.WILLCOXANDSAVAGE.COM

I-1480856.1

Willcox & Savage

Daniel C. Theveny, Sr., Esquire
May 5, 2017
Page 2

Sincerely,

Patrick D. Blake

PDB:pdf